## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| **ROSHIA SADLER** | ) |
| **Plaintiff,** | ) |
| | ) **Case No.:** |
| **v.** | ) |
| | ) |
| **PORTFOLIO RECOVERY** | ) **COMPLAINT** |
| **ASSOCIATES LLC, a** | ) |
| **Delaware Limited Liability** | ) |
| **Company; WEBER &** | ) |
| **OLCESE PLC, a Michigan** | ) |
| **Professional Limited Liability** | ) |
| **Company,** | ) |
| **Defendants.** | ) |
| | ) **JURY TRIAL DEMANDED** |

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT &
## GEORGIA'S FAIR BUSINESS PRACTICES ACT

COMES NOW ROSHIA SADLER, Plaintiff, and states the following

Complaint against Defendants PORTFOLIO RECOVERY ASSOCIATES

LLC and WEBER & OLCESE PLC for violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.*, and Georgia's Fair Business Practices

Act, O.C.G.A. § 10-1-390 *et seq.*

## INTRODUCTION

1.

Plaintiff, Roshia Salder, through her counsel, brings this action to

challenge the acts of Defendants regarding their illegal efforts to misleadingly

and abusively collect a consumer debt allegedly owed by Plaintiff and this conduct caused Plaintiff's damages.

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Plaintiff contends that any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

4.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* ("FBPA"), and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

5.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28

U.S.C. § 1367 (Supplemental Jurisdiction).

6.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of Georgia, the committed acts that form the basis for this suit occurred within the State of Georgia, and Defendant WEBER & OLCESE PLC has a registered agent in the State of Georgia.

7.

Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District and targeted Plaintiff, who is a resident of this District.

8.

Pursuant to LR 3.4, venue is proper in the Athens Division because the conduct complained of herein action as alleged in this complaint occurred in this District and targeted Plaintiff, who is a resident of this District.

## **PARTIES**

9.

Plaintiff Roshia Sadler is a natural person who is a resident of Hart County, Georgia.

10.

Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as she is a natural person who Defendants alleged was obligated to pay a consumer debt.

11.

PORTFOLIO RECOVERY ASSOCIATES LLC ("PRA") is a Limited Liability Company organized under the laws of the State of Delaware that regularly transacts business within the State of Georgia, including the filing of lawsuits within the courts of the State of Georgia.

12.

PRA's "primary business is the purchase, collection, and management of portfolios of nonperforming loans."[1]

13.

PRA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debts.

---

[1] *See* PRA Group Inc, FORM 10-K Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 For the fiscal year ended December 31, 2019, available at (https://www.sec.gov/ix?doc=/Archives/edgar/data/1185348/000118534820 000004/newpraa- 20191231x10k.htm#sF1AEED657AA6566E842AB47DE50F495A).

14.

PRA is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15.

In short, Defendant PRA is a debt collector.

16.

WEBER & OLCESE PLC ("WEBER") is a Professional  Limited Liability Company organized under the laws of the State of Michigan, with a principal place of business located at 2653 Industrial Row Dr, Troy, MI, 48084, and a registered agent named InCorp Services, Inc. located in Fulton County, Georgia, at 2000 Riveredge Pkwy NW, Ste. 885, Atlanta, GA, 30328.

17.

WEBER is "one of the state [of Michigan]'s largest and most respected collection and creditors' rights law firms." [2]

18.

WEBER is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debts.

---

[2] *See* Weber & Olcese PLC website: (http://www.weberolcese.com).

19.

WEBER is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20.

WEBER is a law firm in the business of debt collection.

21.

In short, Defendant WEBER is a debt collector.

## FACTUAL ALLEGATIONS

22.

On or around March 12, 2020, in the Magistrate Court of Hart County, Defendants filed a lawsuit (the "State Lawsuit") that sought to collect an incorrect amount of money for an alleged debt from Plaintiff ("the Alleged Debt").

23.

A true and accurate copy of the Statement of Claim filed in the State Lawsuit is attached hereto as **Exhibit A**.

24.

Defendants filed the State Lawsuit against Plaintiff seeking to recover on credit card debt, which constitutes a "debt" under the FDCPA because it is primarily for personal, family, or household purposes.

6

25.

In the Statement of Claim, Defendants allege that PRA is the legal assignee of Synchrony Bank in regard to the Alleged Debt allegedly owed by Plaintiff.

26.

The State Lawsuit identified the Alleged Debt as being in default at the time PRA acquired it.

27.

The State Lawsuit sought to collect $903.13 from Plaintiff, and this amount is incorrect.

28.

Defendants also incorrectly state or otherwise misrepresent the character of the Alleged Debt in the State Lawsuit, and Defendants do this with the intent to deceive Plaintiff and the court in the State Lawsuit in order to recover amounts not allowed by law or contract.

29.

Defendants also incorrectly claimed they had the right to collect the Alleged Debt when they did not have said right at the time of filing.

30.

Defendants attached documents to the State Lawsuit.

31.

The documents attached to the State Lawsuit contain statements that conflict with or contradict the statements in the Statement of Claim as to the amount, character, and ownership of the Alleged Debt.

32.

The documents attached to the State Lawsuit contain statements that conflict with or contradict each other as to the amount, character, and ownership of the Alleged Debt.

33.

By way of example, one of the documents attached to the Statement of Claim by Defendants states that the Alleged Debt is $903.13 and $1,108.69.

34.

Both statements regarding the amount of the Alleged Debt cannot be correct at the same time.

35.

Further, the State Lawsuit claims to be based on a contract or agreement.

36.

The State Lawsuit has no contract or agreement attached to it.

37.

At the time Defendant PRA allegedly purchased the Alleged Debt,

Defendant PRA did not possess and it did not receive a copy of any agreement or contract that was provided to Plaintiff for the Alleged Debt, or that was signed by Plaintiff for the Alleged Debt, and Defendant PRA and Defendant WEBER did not possess any such document or documents at the time it filed the State Lawsuit against Plaintiff.

38.

Upon information and belief, Defendants still do not possess any contract or agreement related to the Alleged Debt at the time of this lawsuit being filed.

39.

Upon information and belief, the information contained in the Statement of Claim filed in the State Lawsuit was automatically populated from data provided by Defendant PRA to Defendant WEBER, and the Statement of Claim was not independently drafted by the lawyer who signed the document.

40.

Upon information and belief, the lawyer working for Defendant WEBER who signed the Statement of Claim in the State Lawsuit did not review the Statement of Claim prior to signing it.

41.

Upon information and belief, the lawyer working for Defendant WEBER

who signed the Statement of Claim in the State Lawsuit did not attach the documents included with the Statement of Claim in the State Lawsuit.

42.

Upon information and belief, the lawyer working for Defendant WEBER who signed the statement of claim in the State Lawsuit did not review the documents attached to the statement of claim in the State Lawsuit prior to signing said statement of claim.

43.

The lawyer working for Defendant WEBER did not review any agreement or contract that forms the basis of the Alleged Debt prior to signing the statement of claim filed with the State Lawsuit, despite said statement of claim alleging the basis of the suit was a contract or agreement.

44.

Defendant WEBER and its employees did not engage in meaningful attorney review of the documents they filed on behalf of Defendant PRA in the State Lawsuit.

45.

As a result of Defendants' actions in filing a lawsuit for the incorrect amount, that deceptively seeks to mischaracterize the amount of the Alleged Debt, that fails to include any alleged contract despite being based on a breach

of contract claim, and that was not meaningfully reviewed by legal counsel prior to filing, Plaintiff has suffered actual injuries in the form of lost time having to work on the State Lawsuit to defend her interests, costs associated with hiring legal counsel to defend her rights in the case, and emotional distress, anger, shame, frustration, fear, and humiliation.

46.

Defendants' State Lawsuit against Plaintiff remains pending in the Magistrate Court of Hart County.

### *Summary*

47.

Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

48.

The above-described collection conduct by Defendants in their effort to collect this Alleged Debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

49.

These collection actions taken by Defendants, and the collection employees employed by Defendants were made in violation of multiple

provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

50.

These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

51.

Defendants' collection efforts with respect to this alleged debt from Plaintiff which caused her to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

52.

Defendants' deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

53.

Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the

FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost resources.

54.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

55.

Based on information and belief, Defendants have violated the Fair Debt Collection Practices Act ("FDCPA").

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### DEFENDANTS' VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

56.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.

Defendants' incorrect statements in the State Lawsuit as to the amount, character, and ownership of the Alleged Debt violate numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d,

1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), amongst others.

58.

Defendants' attachment of documents to the State Lawsuit that contain incorrect and conflicting statements as to the amount, character, and ownership of the Alleged Debt violate numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), amongst others.

59.

Defendants' combination of principal and interest and representation of the Alleged Debt as being solely principal in the Statement of Claim filed in the State Lawsuit violate numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), amongst others.

60.

Georgia law only allows post-judgment interest to accrue on principal, not interest. O.C.G.A. § 7-4-12(a).

61.

Defendants combined interest and principal for the Alleged Debt into one total amount in their Statement of Claim and did not separate their claims for principal and interest.

62.

Defendants did not break their claimed amounts in the State Lawsuit into interest and principal in order to increase the potential amount they will collect in post judgment interest by obtaining an order that includes interest as principal so they can obtain post-judgment interest on interest in violation of Georgia law and numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), amongst others.

63.

Defendant WEBER's failure to engage in meaningful attorney review of the statement of claim and/or documents filed in the State Lawsuit, including the failure to include documentation crucial to its breach of contract claim, also violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

64.

All of the conduct as alleged herein by Defendants and its employees and agents constitute false and deceptive collection attempts made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions cited herein, amongst others.

65.

As a result Defendants' actions in violation of the FDCPA, Plaintiff

suffered stress, anxiety, and emotional distress—otherwise known as garden-variety emotional distress—and incurred legal costs to defend the State Lawsuit in an amount to be shown with more particularity at a later date.

66.

Further, Defendants' violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, make them liable to Plaintiff for not just the actual damages identified above, but also for statutory damages of up to the maximum of $1,000 for each Defendant, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC

67.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68.

Based on the foregoing, PRA violated the Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.*

69.

PRA's actions constitute unfair or deceptive acts or practices in the conduct of consumer transactions in trade or commerce and therefore violate

Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.*

70.

PRA's actions violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., as detailed above.

71.

Courts have recognized that violations of the FDCPA are also violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq. *See 1st Nationwide Collection Agency v. Werner*, 288 Ga. App. 457, 458-60, 654 S.E.2d 428, 430-31 (2007).

72.

PRA's actions in violation of the FDCPA, and therefore in violation of Georgia's FBPA, were intentional in nature and part of a business model designed to collect debts based on false, misleading, deceptive, unfair, unconscionable, abusive, harassing, and oppressive collection practices.

73.

PRA does not maintain a place of business and does not keep assets within the State of Georgia, and therefore the requirements of O.C.G.A. § 10-1-399(b) do not apply to Plaintiff's claims against PRA in this action.

74.

Plaintiff seeks actual damages from PRA for the mental and emotional

distress caused by PRA's actions in violation of the FDCPA and Georgia's FBPA, as well as other actual damages that may be shown with more particularity at a later date. O.C.G.A. § 10-1-399(a).

75.

Plaintiff seeks exemplary damages, in the form of three times actual damages, against PRA for their intentional and purposeful actions in attempting to collect the Debt in violation of Georgia's Fair Business Practices Act. O.C.G.A. § 10-1-399(c).

76.

Plaintiff further seeks full recovery of reasonable attorney's fees and costs for this action in accordance with O.C.G.A. § 10-1-399(d).

77.

Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1- 399(a) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*

78.

Defendant PRA's intentional acts in violation of Georgia's FBPA also make it liable for "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a), in an amount to be determined

by the enlightened conscious of a jury.

## **JURY DEMAND**

79.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)  Find all Defendants liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2)  Award Plaintiff the full $1,000 statutory damages for each Defendants' FDCPA violations;

(3)  Award Plaintiff actual damages in an amount to be shown with more particularity at a later date, but which includes the court costs and attorneys' fees incurred by Plaintiff in the State Lawsuit;

(4)  Find Defendant Portfolio Recovery Associates LLC liable for actual damages in an amount to be shown with more particularity at a later date for their violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

(5)  Find Defendant Portfolio Recovery Associates LLC liable for treble damages for their intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

(6)  Find Defendant Portfolio Recovery Associates LLC liable for punitive damages for their intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a);

(7)  Award Plaintiff reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(8)  Award Plaintiff reasonable attorney's fees and costs in accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d), for Defendant Portfolio Recovery Associate LLC's violations of Georgia's Fair

Business Practices Act;

(9)     Award Plaintiff the reasonable costs of this action;

(10)    Award Plaintiff other expenses of litigation;

(11)    Grant Plaintiff such other and additional relief as the Court deems just and equitable.


Submitted August 28, 2020.

                                        /s/Jillian Sandt
                                        JILLIAN SANDT
                                        Georgia Bar No.: 854396
                                        ATTORNEY FOR PLAINTIFF

SANDT LAW LLC
P.O. Box 188
Tucker, Ga 30085
(770)714-1404
jill@sandtlawllc.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

Submitted August 28, 2020.

/s/Jillian Sandt
JILLIAN SANDT
Georgia Bar No.: 854396
ATTORNEY FOR PLAINTIFF

SANDT LAW LLC
P.O. Box 188
Tucker, Ga 30085
(770)714-1404
jill@sandtlawllc.com